| | |
|---|---|
| CRAIG LATHON,<br><br>                        Petitioner,<br><br>v.<br><br>WARDEN MICHAEL MEISNER,<br><br>                        Respondent. | Case No. 21-CV-224-JPS<br>7th Cir. Case No. 23-2651<br><br>**ORDER** |

### 1. INTRODUCTION & BACKGROUND

On May 31, 2023, the Court dismissed Petitioner Craig Lathon's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after concluding that (1) Petitioner's first ground for relief was untimely and Petitioner did not satisfy the actual innocence exception, and (2) Petitioner's second ground for relief was incognizable in habeas corpus. *See generally* ECF Nos. 30, 31. The Court also denied him a certificate of appealability. *Id*.

On June 22, 2023, Petitioner moved for reconsideration of the Court's denial of a certificate of appealability. ECF No. 32. On August 7, 2023, the Court denied the motion for reconsideration, concluding that: "no jurist of reason could dispute that the decade-old affidavits based on hearsay that form the basis for Petitioner's actual innocence argument are inherently suspect and insufficient to satisfy the exception's demanding standard," ECF No. 36 at 5 (collecting cases); that Petitioner's cases and argument raised on reconsideration in support of Ground Two, which were available to him at the time of the underlying briefing, could not support his motion

for reconsideration, *id.* at 8–11 ("Even assuming arguendo that these cases are relevant, reconsideration is not the time to cite to and rely on cases that existed and could be accessed at the time of the pendency of the underlying motion."); and that, contrary to Petitioner's assertion, the Court's reliance on, inter alia, "district court decisions, most of which are unpublished and none of which was cited by the state," was not erroneous or inappropriate, *id.* at 9–10 (quoting ECF No. 32 at 9) (citing *Buoso v. Elkay Mfg. Co.*, No. 02 C 6630, 2003 U.S. Dist. LEXIS 18789, at * 14 n.3 (N.D. Ill. Oct. 22, 2003) and *Premcor Refin. Grp. Inc. v. Apex Oil Co.*, No. 17-cv-738-NJR-MAB, 2019 U.S. Dist. LEXIS 242297, at *3–4 (S.D. Ill. Sept. 20, 2019)).

On August 21, 2023, Petitioner filed a notice of appeal, ECF No. 37,[1] and moved this Court for leave to appeal in forma pauperis, ECF No. 38. Petitioner writes that he "intends to raise the following issues on appeal":

1. Whether the state's concealment of evidence that its primary witnesses were conspiring to falsely accuse [Petitioner] violated due process.

---

[1]Although Respondent does not raise the issue, it appears that this notice of appeal is untimely. Because Petitioner's motion for reconsideration was made solely with respect to the Court's denial of a certificate of appealability, the motion did not extend Petitioner's time for filing a notice of appeal. *See* Rules 11(a) of Rules Governing § 2254 Cases ("If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal."). Petitioner's notice of appeal was therefore due within the standard thirty days from entry of judgment—rendering his appeal due June 30, 2023. *See* Fed. R. App. P. 4(a)(1)(A).

However, the untimeliness of Petitioner's notice of appeal does not prevent the Court from addressing his motion for leave to appeal in forma pauperis. "[D]istrict courts do not have the authority to deny a defendant's request for leave to proceed in forma pauperis on the ground that the appeal is untimely. That authority rests solely with the court of appeals." *United States v. Fisher*, No. 06-cr-56-bbc, 2012 U.S. Dist. LEXIS 145186, *3 (W.D. Wis. Oct. 9, 2012) (citing *Sperow v. Melvin*, 153 F.3d 780 (7th Cir. 1998)).

2. Whether [Petitioner's] actual innocence excuses the untimeliness of his *Brady* claim.

3. Whether the Court erred by deciding the actual innocence dispute without requiring the state to provide the complete state court record.

4. Whether the state court's retroactive and irrational revision of the standards for assessing newly discovered evidence claims violated due process, requiring habeas relief.

*Id.* at 1–2.² For the reasons discussed herein, the Court will grant the motion for leave to appeal in forma pauperis.

## 2. ANALYSIS

Petitioner may not proceed without prepayment of the filing fee on appeal if the Court determines that "the litigant wishing to take an appeal has not established indigence" or certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); *Flournoy v. Winnebago Cnty. Sheriff's Office*, No. 14-cv-528-jdp, 2015 U.S. Dist. LEXIS 49375, at *1 (W.D. Wis. Apr. 15, 2015) (citing *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998)). To determine whether a prisoner takes an appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in

---

²The Court did not reach the first issue—"[w]hether the state's concealment of evidence that its primary witnesses were conspiring to falsely accuse [Petitioner] violated due process," ECF No. 38 at 1–2—because the Court concluded that this ground was untimely and not saved by the actual innocence exception. ECF No. 30 at 10–11. Accordingly, it is not clear to the Court how Petitioner intends to seek appellate review of the merits of this ground when the Court never actually reached the merits.

Page 3 of 5
Case 2:21-cv-00224-JPS    Filed 09/07/23    Page 3 of 5    Document 43

"good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026.

The fact that the Court has already denied Petitioner a certificate of appealability, *see* ECF No. 30 at 21, is not fatal to a request to proceed in forma pauperis on appeal, since the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith for purposes of proceeding in forma pauperis on appeal. *See Walker*, 216 F.3d at 631–32. Thus, an unsuccessful movant for relief under § 2254 may proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability. *See id.*

While the Court carefully reviewed the record and found that Petitioner's claims were without factual or legal support, it is hesitant to go further and say that all of his asserted grounds for relief are clearly frivolous. *Lee*, 209 F.3d at 1026. As a result, the Court finds that Petitioner's appeal is taken in good faith, at least with respect to some of the issues he intends to present on appeal.[3]

The Court must next address whether Petitioner has certified indigence. As part of his request to proceed in forma pauperis, Petitioner

---

[3] The Court does not believe that "a reasonable person could suppose that" Petitioner's appeal "has some merit" to the extent it seeks review of "whether the Court erred by deciding the actual innocence dispute" in the absence of "the complete state court record" and review of the Court's rejection of the actual innocence argument itself. ECF No. 38 at 2; *Walker*, 216 F.3d at 632 (citing *Lee,* 209 F.3d at 1026). Nevertheless, the Court believes that express guidance from the Seventh Circuit regarding the cognizability of Ground Two would be beneficial to the Circuit as a whole. *See Tate v. Bartow,* No. 05C0083, 2007 U.S. Dist. LEXIS 35626, at *6–7 (E.D. Wis. May 15, 2007) ("The existence of any non-frivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis.") (citing *Dixon v. Pitchford*, 843 F.2d 268, 270 (7th Cir. 1988)).

Page 4 of 5
Case 2:21-cv-00224-JPS   Filed 09/07/23   Page 4 of 5   Document 43

filed an affidavit regarding his indigency and a trust account statement. ECF No. 38-1. Review of this information reveals that Petitioner's average monthly deposit for the previous six months is $407.64 and his average monthly balance for the previous six months is $131.59. *Id.* at 7. He represents that he has no other savings or property of value. *Id*. at 3–4. The Court is satisfied that Petitioner is indigent and eligible to proceed on appeal in forma pauperis.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for leave to appeal without prepayment of the filing fee, ECF No. 38, be and the same is hereby **GRANTED.**

Dated at Milwaukee, Wisconsin, this 7th day of September, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge